IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY S.M. TAYLOR, | No. 2:16-CV-0747-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 18) and defendant's cross-motion for summary judgment (Doc. 21).

/ / /

/ / /

/ / /

## I. PROCEDURAL HISTORY

Claimant Tracy De'anne Williams applied for social security benefits on March 15, 2011.[1] In the application, claimant claims that disability began on July 15, 2010. Claimant's claim was initially denied. Following denial of reconsideration, claimant requested an administrative hearing, which was held on April 15, 2014, before Administrative Law Judge ("ALJ") Nancy Lisewski. In a May 1, 2014, decision, the ALJ concluded that claimant was not disabled based on the following relevant findings:

1. The claimant had the following severe impairment(s): diabetes with neuropathy and ulcerations, and obesity;

2. The claimant did not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant had the following residual functional capacity: the claimant was able to perform sedentary work; she was limited to occasional postural changes, including climbing of ramps and stairs, stooping, crouching, kneeling, and crawling; she was able to frequently balance, and would have had to avoid heights and hazards; and

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, the claimant was able to perform her past relevant work as a check cashier.

After the Appeals Council declined review on February 16, 2016, this appeal followed.

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole,

---

[1] Ms. Williams died on December 25, 2011. Plaintiff in this action is Ms. Williams' daughter, who is proceeding as the substituted party.

including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III. DISCUSSION

Plaintiff argues that the ALJ improperly rejected claimant's testimony as not credible. The Commissioner determines whether a disability applicant is credible, and the court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996). An explicit credibility finding must be supported by specific, cogent reasons. See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990). General findings are insufficient. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). Rather, the Commissioner must identify what testimony is not credible and what evidence undermines the testimony. See id. Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not credible must be "clear and convincing." See id.; see also Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing Lingenfelter v Astrue, 504 F.3d 1028, 1936 (9th Cir. 2007), and Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)).

If there is objective medical evidence of an underlying impairment, the Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence. See Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir. 1991) (en banc). As the Ninth Circuit explained in Smolen v. Chater:

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof. Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the Cotton test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.

80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)).

The Commissioner may, however, consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions. See Bunnell, 947 F.2d at 345-47. In weighing credibility, the Commissioner may also consider: (1) the claimant's reputation for truthfulness, prior inconsistent statements, or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5) physician and third-party testimony about the nature, severity, and effect of symptoms. See Smolen, 80 F.3d at 1284 (citations omitted). It is also appropriate to consider whether the claimant cooperated during physical examinations or provided conflicting statements concerning drug and/or alcohol use. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). If the claimant testifies as to symptoms greater than would normally be produced by a given impairment, the ALJ may disbelieve that testimony provided specific findings are made. See Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

/ / /

/ / /

/ / /

Regarding reliance on a claimant's daily activities to find testimony of disabling pain not credible, the Social Security Act does not require that disability claimants be utterly incapacitated. See Fair v. Bowen, 885 F.2d 597, 602 (9th Cir. 1989). The Ninth Circuit has repeatedly held that the "... mere fact that a plaintiff has carried out certain daily activities . . . does not . . .[necessarily] detract from her credibility as to her overall disability." See Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (quoting Vertigan v. Heller, 260 F.3d 1044, 1050 (9th Cir. 2001)); see also Howard v. Heckler, 782 F.2d 1484, 1488 (9th Cir. 1986) (observing that a claim of pain-induced disability is not necessarily gainsaid by a capacity to engage in periodic restricted travel); Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984) (concluding that the claimant was entitled to benefits based on constant leg and back pain despite the claimant's ability to cook meals and wash dishes); Fair, 885 F.2d at 603 (observing that "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication"). Daily activities must be such that they show that the claimant is ". . .able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." Fair, 885 F.2d at 603. The ALJ must make specific findings in this regard before relying on daily activities to find a claimant's pain testimony not credible. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

As to claimant's statements, the ALJ stated:

> The claimant asserted disability on the basis of the severe impairments I adopted above (Exhibits 2E, 5E, 6E and 11E; testimony). Prior to the hearing, the claimant asserted disability based on difficulty standing and walking due to swollen legs, depression, diabetes, gastropheresis, and leg and foot pain (Exhibit 2E). Ms. Taylor, the claimant's daughter, testified her mother had gastropheresis and could not walk. She was diabetic and vomited a lot. She was sick daily and was hospitalized a couple of times a month. She was unaware her mother had neuropathy.

///

///

In finding that claimant's statements were not credible, the ALJ summarized the medical record, noting the report of agency reviewing physician Dr. Pan. The ALJ observed:

> On February 28, 2012, the State agency medical examiner A. Pan, M.D., concluded that claimant [was] capable of sedentary work, but with standing and/or walking 4 hours, all postural changes limited to occasional except for balancing, which was limited to frequent (Exhibit 3A/10-11).

The ALJ added: "There is no other RFC in the record for me to consider."

Regarding claimant's credibility, the ALJ stated:

> Finally, although I am not unsympathetic to the death of the claimant or the sadness and loss Ms. Taylor must feel, I find the allegations by the claimant and Ms. Taylor of complete debilitation not generally credible.
>
> Despite reported symptoms of abdominal pain and vomiting, which were treated in emergency care and required periods of hospitalizations, these symptoms waxed and waned apparently due primarily to the claimant's failure to comply with home treatment of her diabetes. The record shows the claimant had been prescribed IV and oral medications to control her diabetes at home. However, upon her numerous admissions to emergency care, her diabetes was reported to be uncontrolled or poorly controlled, with claimant admitting she continued to drink alcohol. The claimant [had] the duty to follow prescribed treatment in order to establish disability and receive benefits (citation omitted). The claimant had to have a good basis for not following prescribed treatment, which neither she nor her representative had alleged, and which reasonably could have been established by the record.

Plaintiff argues:

> The ALJ states that Ms. Williams is not credible because her emergency room visits demonstrates [sic] that failed [sic] to comply with treatment. AR 20. It means no such thing. Despite her best efforts Ms. Williams' diabetes would flare up and cause her to go to the emergency room. Yet the ALJ without any citation to the record stats [sic] that this means Ms. Williams is not complaint [sic]. AR 19. This is not a legally sufficient reason.

As discussed above, the ALJ may consider an unexplained failure to follow a prescribed course of treatment in assessing credibility. This is exactly what the ALJ did in this case. Contrary to plaintiff's assertion that the ALJ failed to cite the record indicating claimant's failure to comply with treatment, the ALJ cited numerous such examples at Exhibits 1F, 2F, and 8F. These include: (1) report of non-compliance in March 31, 2009, report of Dr. Kongwen

6

Xue., M.D.; (2) report of non-compliance in August 5, 2009, report of Dr. Andrew C. Bozdech, M.D.; (3) report of non-compliance in April 19, 2010, report of Dr. Janki Amin, M.D.; and (4) report of non-compliance in September 29, 2010, report of Dr. Fikir Morkoc, M.D. In addition, claimant reported on January 19, 2011, that an earlier hospitalization was the result of drinking alcohol, stopping her medication, and ignoring her diet. Claimant offered no explanation for her non-compliance, and plaintiff offers none now.[2]

## IV. CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 18) is denied;
2. Defendant's cross-motion for summary judgment (Doc. 21) is granted; and
3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: June 22, 2017

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff has not explained what "best efforts" she made to comply with prescribed diabetes treatment.